fense and all of the jurors and witnesses, and everybody connected with the case, shall be dead, should he then conclude to make an application for pardon, he must prove his innocence beyond a reasonable doubt. Which is a complete change of the rules of evidence in that regard. Thus changing the burden of proof is not in keeping with the humane policy of advanced civilization.

But in that respect and for that reason the law is also valid, as the legislature has power to provide upon whom the burden of proof shall rest.

It is not clear just what the object of the legislature was in passing this law. Sufficient it is to say, that murder in the first degree should altogether be wiped from the statute, or this law repealed. If the passage of this law as amended was *intended to wipe out capital punishment,* then it can be said that the legislature fired a blank cartridge.

In cases of deliberation and premeditation, why should there be two kinds of punishment? Life is as sacred and valuable, in the eyes of law, in the one case as in the other.

The verdict is amply supported by testimony. Therefore the motion for a new trial is overruled.

John C. Schwartz and Thomas Darby, for the state.

J. D. Ermston, for defendant.

---

(Hamilton Co., O., Common Pleas.)
JAMES WALSH & CO. v. EUGENE LEWIS, AUD.

Dow Law Tax—What will not be "sales made at the manufactory by the manufacturer"—

WRIGHT, J.

Plaintiffs operate distilleries in Indiana and in Kentucky, as well as a rectifying house in Covington, Ky. They maintain in Cincinnati, Ohio, a main office in which is kept the books and accounts, and samples of the various goods sold by them. At this office are received the orders from commercial travelers, the mail from customers, and at this office is conducted the general management of the business. Goods are shipped from the Indiana and Kentucky plants to Ohio customers by direction from the Cincinnati office, upon the receipt there of orders.

The statute (8899, R. S.,) excepts from the operation of the Dow Tax, "sales at the manufactory by the manufacturer". I am of the opinion that the sales made by plaintiffs in the conduct of their business are not made at the manufactory, and that the firm are subject to the tax.

The petition is dismissed.

---

(Hamilton County, Probate Court.)
January, 1897.
IN RE ESTATE OF JOHN MULLEN.

The fact that the estate of the husband is insolvent does not have a controlling effect in determining the amount of the one year's allowance to the widow, but is only one of the elements to be taken into consideration in arriving at such amount.

Heard on application to reduce the widow's allowance.

The appraisers of the estate set off to the widow, under the provisions of section 6240, the sum of $1,000 for the widow's first year's support. The Woodburn Loan & Building Association, a creditor of the estate, applied for a reduction of the allowance on the ground that it was excessive, and that the estate of the decedent is insolvent.

FERRIS, J.

In matters of provisional alimony, where the amount allowed is in question, the *court will take into consideration the age of the widow, her physical condition, the manner in which the decedent lived prior to his death, and the general expenses incident to the care of the family.* The matter of the insolvency of the decedent does not have a controlling effect in determining the amount of the allowance, but is one of the elements to be taken into consideration. The claim of the widow for support during the first year is a lien prior to the claims of creditors (1 Werner, 380).

In the case at bar, the estate being insolvent, the policy of law is not toward liberality, but such an amount should have been fixed by the appraisers as would provide a proper support for the widow, there being no minor children under fifteen years of age.

Allowance reduced from $1,000 to $500.

George W. Hengst and W. A. Hicks, for the creditors.

Archer & Osler, for the estate.

---

(Hamilton County, Common Pleas Court.)
January 1897.
ELIZABETH SHRODER v. JOHN G. OVERMANN, CLERK, et al.

The statutes authorize the suspension of the rule requiring that ordinances providing for street improvemnts be read a *second and third time, and on three different days.*

The slipping of an imperfectly made street upon an abutting owner's lot is merely an incident, and is not a defense against the assessment.

---

On demurrer to the third, fourth and sixth causes of action set up in the petition.

Plaintiff brought an action against the village of St. Bernard, the clerk thereof, and the auditor and treasurer of Hamilton county, praying for an injunction to restrain the collection of an assessment levied for the improvement of Church St. in the village of St. Bernard, Hamilton Co. Among other things complained of by the